JOHN A. DIXON, Jr., Judge.
The plaintiff, Willie Rucker, brought an action against St. Bernard Parish School Board to be reinstated as a probationary school bus operator, contending that his discharge was illegal. The plaintiff relied upon the provisions of LSA-R.S. 17:492, which states, in part:
“Each school bus operator shall serve a probationary term of three years reckoned from the date of his first employment in the parish in which the operator is serving his probation. During the probationary term the parish school board may dismiss or discharge any operator upon the written recommendation of the parish superintendent of schools accompanied by valid reasons therefor.”
Plaintiff contends that he was discharged without any written recommendation of the Parish Superintendent accompanied by reasons for discharge.
On trial of the case the defendant School Board made no effort to show that a written recommendation for the discharge was submitted to the School Board, but contended that Willie Rucker obtained his employment by fraudulent practices, in failing to reveal that he was the operator of a bar or saloon, and had pleaded guilty, on April 27, 1959, to selling intoxicating liquors to a juvenile, for which he received a sentence of $50.00 or thirty days.
The School Board contended that there was never a legal contract of employment in view of the asserted fraud or misrepresentation on the part of plaintiff in concealing the nature of his employment and conviction of the misdemeanor. The trial court held that “no valid contract of employment existed between the school board and plaintiff and therefore the school board was not bound by the provisions relative to the tenure of bus operators and was within its rights in treating the original contract as invalidated.”
From the judgment in the District Court dismissing plaintiff’s suit, plaintiff takes this appeal.
The record discloses minutes of the St. Bernard Parish School Board of July 1, 1959. On that day “the following transfer drivers were appointed * * * Willie Rucker.” Plaintiff subsequently served as a school bus driver for the school year 1959-1960.
On July 6, 1960 a similar resolution of the St. Bernard Parish School Board appointed Willie Rucker, among other “transfer drivers” for the “1960-61 session.” However, a copy of the minutes of the School Board dated August 17, 1960 shows that at a meeting of the School Board it was moved, seconded, and resolved that "Willie Rucker be dismissed as a bus driv-gj* * **
The only application for employment in the record is one dated June 8, 1959. That application requests certain basic information, such as age, marital status, education and training, and certain information concerning previous employment. The application shows that Willie Rucker attended elementary school for five years. In the place for information concerning previous employment, the words “self-employed” are written in the blanks designed for the names and addresses of previous employers. Two references are given. One question is asked about trade or occupation. It is: “What is your trade or occupation?” The answer to that is written “self-employed.” The application is signed by Willie Rucker.
Testimony from the school board members indicate that they learned of Willie Rucker’s conviction (which antedated his application for employment by almost two months) and his occupation, subsequent to the regular School Board meeting of July 6, 1960, at which time the School Board appointed bus drivers for the following school year.
We cannot agree with the trial court that there was no valid contract of employment *483 The answers to the sketchy application for employment executed by the plaintiff are, at the worst, vague and ambiguous. No misstatements appear on the application. If the School Board did, in fact, rely upon the written application for employment, it must be deemed to have been satisfied with the answers there given. No question is asked concerning previous conviction for crimes. It is contended that in answer to the question “What is your trade or occupation ?”, the plaintiff should have written “saloon keeper,” instead of “self-employed.” If the plaintiff had written “merchant,” we might still be faced with the same question, and still have no misrepresentation. The record does not support the contention that the plaintiff practiced misrepresentation of a nature which would invalidate the contract of employment. In fact, the testimony shows that plaintiff had employed himself in a bar or saloon for nine years in the same locality, in the community where one of the school board members resided, and that the school board member knew about the plaintiff’s employment.
LSA-R.S. 17:492 provides that each new school bus operator shall serve a probationary term of three years. During that term, the school board may discharge a school bus driver upon a written recommendation of the parish superintendent, accompanied by valid reasons therefor. No other method of discharge is provided in the statute. No such recommendation by the parish superintendent of schools was made in the instant case. Therefore, we must hold that the plaintiff’s discharge was illegal.
The attorneys for the parties stipulated in the trial court that the plaintiff’s salary subsequent to the 1959-60 school year would have been $2,400.00 a year.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed.
IT IS NOW ORDERED, ADJUDGED AND DECREED that plaintiff, Willie Rucker, be and he is hereby reinstated in his employment as a school bus operator for the St. Bernard Parish School Board.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Willie Ruck-er, and against the defendant, St. Bernard Parish School Board, for the full amount of his salary at the rate of Two Thousand Four Hundred and No/100 ($2,400.00) Dollars per year, beginning on August 17, 1960, and continuing until the legal termination of his employment.
Defendant-appellee is taxed with such costs of this litigation as it is required by law to pay.